UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **DONALD PRIEBE** | **CIVIL ACTION** |
| **VERSUS** | **NO. 21-1274-WBV-DMD** |
| **ADVANCED STRUCTURAL TECHNOLOGIES, INC.** | **SECTION: D (4)** |

### ORDER AND REASONS

Before the Court is a Motion to Dismiss and Compel Arbitration filed by defendant, Advanced Structural Technologies, Inc.[1] The Motion is opposed,[2] and Defendant has filed a Reply.[3] After careful consideration of the parties' memoranda and the applicable law, the Motion is **GRANTED in part**.

### I. FACTUAL AND PROCEDURAL BACKGROUND

On May 24, 2021, Donald Priebe filed a Petition to Rescind Contract or, in the alternative, Petition for Declaratory Judgment in the 24th JDC against his employer,[4] Advanced Structural Technologies, Inc ("Defendant").[5] Plaintiff alleges that he entered into a written Employment Agreement with Defendant in 2015 for Plaintiff to establish a Power Division of the company in Louisiana.[6] Plaintiff asserts that the Employment Agreement provided that he would become a 40% equity owner in a new

---

[1] R. Doc. 7.
[2] R. Doc. 10.
[3] R. Doc. 39.
[4] Plaintiff submitted his resignation to his employer following the filing of the lawsuit in state court.
[5] R. Doc. 1-1. In his Opposition brief, Plaintiff states that he filed his Petition to Rescind Contract on June 3, 2021 (R. Doc. 10 at p. 2). The Court's review of the Petition reflects that it was filed May 24, 2021. The date of the filing of the state court petition is inconsequential for purposes of this analysis
[6] R. Doc. 1-1 at ¶ VII.

company through a spin-off transaction upon certain work milestones being reached.[7] Plaintiff further asserts that the milestones were reached, yet Defendant failed in its obligation to form a new company through a spin-off transaction.[8] Plaintiff contends that the Employment Agreement has been vitiated by error and fraud and therefore should be rescinded.[9] Alternatively, Plaintiff seeks a declaratory judgment decreeing that Plaintiff has a right to terminate the Employment Agreement at will, that Plaintiff has no obligations to Defendant upon the termination of his employment, and that the non-competition clause in the Employment Agreement is not valid, including any restrictions on future solicitations of clients or any other restrictions on future employment.[10]

Defendant removed the case to this Court on June 30, 2021 on the basis of diversity jurisdiction, 28 U.S.C. § 1332.[11]

On August 3, 2021, Defendant filed the instant Motion, asserting that this matter should be dismissed and that Plaintiff be compelled to arbitrate his claims pursuant to the arbitration provision in the Employment Agreement that he signed with the Defendant.[12] Defendant further seeks dismissal of the lawsuit on the basis that the arbitration provision encompasses all of the claims raised in Plaintiff's Petition.[13] Attached to the Motion is a Declaration from David Buchanan, Chief Executive Officer of Advanced Structural Technologies, Inc., in which Mr. Buchanan

---

[7] *Id.* at ¶ VIII.
[8] *Id.* at ¶ XII.
[9] *Id.* at ¶ XIV.
[10] *Id.* at ¶ XXXV.
[11] R. Doc. 1.
[12] R. Doc. 7.
[13] *Id.*

advised that Plaintiff began his employment with Defendant on December 18, 2015.[14] Mr. Buchanan asserts that Plaintiff signed an Employment Agreement at the commencement of his employment, which is attached to the Declaration.[15] Buchanan further advises that two addendums were subsequently executed by Plaintiff and Defendant, both of which are also attached to the Declaration.[16]

Defendant asserts that the Federal Arbitration Act ("FAA") mandates arbitration of Plaintiff's claims as agreed to in the Employment Agreement. Defendant claims that courts consider two factors in determining whether to compel arbitration: (1) whether a valid agreement to arbitrate between the parties exist; and (2) whether the dispute in question falls within the scope of that arbitration agreement.[17] Defendant argues that the requirements for a valid contract—capacity, consent, a lawful cause, and a valid object—have all been met with respect to the arbitration provision. Defendant contends that the arbitration provision is valid and enforceable by, among other things, Plaintiff's own admission in his Petition wherein he states that he was presented with the Employment Agreement at the beginning of his employment with Defendant, and that it was later amended for valuable consideration.[18] Defendant also points out that Louisiana law favors arbitration and "[t]hus, the act of submitting disputes to arbitration is a valid contractual object."[19]

---

[14] R. Doc. 7-2.
[15] *Id*. A copy of the Employment Agreement was also attached to Plaintiff's state court Petition. *See*, R. Doc. 1-1 at pp. 17-30.
[16] R. Doc. 7-2.
[17] R. Doc. 7-1 (quoting *Painewebber Inc. v. Chase Manhattan Private Bank (Switz.)*, 260 F.3d 453, 462 (5th Cir. 2001)) (internal quotation marks omitted).
[18] R. Doc. 7-1.
[19] *Id*. (citing *Henry v. New Orleans Louisiana. Saints, L.L.C.*, Civ. A. No. 15-5971, 2016 WL 2901774, at *5 (E.D. La. May 18, 2016)).

As to the second inquiry—whether the dispute in question falls within the scope of the arbitration provision—Defendant asserts that all of Plaintiff's claims fall squarely within the scope of the arbitration provision, pointing to specific language in Plaintiff's Petition wherein he claims that Defendant failed to comply with specific provisions of the Employment Agreement.[20] Defendant further directs the Court to the remedy sought by Plaintiff, namely, a "determination of the validity and enforceability of purported non-competition and non-solicitation of clients restrictive covenants *in the Employment Agreement.*"[21] Defendant further contends that any doubt about whether the arbitration provision covers Plaintiff's claims should be resolved in favor of arbitration. Finally, Defendant asserts that Plaintiff's lawsuit should be dismissed rather than stayed, since all of Plaintiff's claims are subject to arbitration.[22]

Plaintiff opposes the Motion, asserting that Defendant is seeking to circumvent clear Louisiana law and strong public policy to the detriment of a Louisiana resident, further delaying Plaintiff's employment and forcing Plaintiff to resolve these issues thousands of miles away in Minnesota.[23] Plaintiff argues that La. R.S. 23:921 invalidates the arbitration provision of the Employment Agreement since the arbitration agreement contains a forum selection clause. Citing the specific language of La. R.S. 23:921, Plaintiff contends that he has not "expressly, knowingly, and

---

[20] R. Doc. 7-1.
[21] *Id.* (*citing* R. Doc. 1-1 at ¶¶ III, IX-XIII).
[22] R. Doc. 7-1 (citing *Ruiz v. Donahoe*, 784 F.3d 247, 249–50 (5th Cir. 2015)) (internal quotation marks and citation omitted). Defendant also preemptively argues that La. R.S. 23:921(A)(2) does not operate to invalidate the arbitration provision. Defendant's argument on this point will be summarized later in this Order in response to Plaintiff's Opposition.
[23] R. Doc. 10.

voluntarily agreed to and ratified" the clause "after the occurrence of the incident which is the subject of the civil or administrative action."[24] Plaintiff further points out that Defendant has not cite any Fifth Circuit decision addressing this argument. Thus, Plaintiff contends that the forum selection clause contravenes Louisiana law and renders the arbitration clause null and void.

In response, Defendant asserts that it did not cite a Fifth Circuit opinion addressing this issue because: (1) it cited "scores" of district court cases that support similar motions to dismiss and compel arbitration; (2) it is unlikely the Fifth Circuit would ever be in the position to hear an appeal on this issue after a matter has been correctly dismissed in favor of arbitration; and (3) the Fifth Circuit has analyzed this issue in the context of a similar Louisiana statute and determined that the district court properly compelled arbitration because the FAA preempted the Louisiana statute.[25] Defendant argues that there is no compelling argument for the Fifth Circuit to reach a different conclusion if it were to analyze the FAA in relation to La. R.S. 23:921. Defendant further asserts that it "footnoted a compendium of district court cases from within the fifth Circuit which have specifically held that the FAA preempts the forum selection prohibition in Louisiana Revised Statute 23:921. (R. Doc. 7-1, p. 3, n.1)."[26]

---

[24] *Id.*
[25] R. Doc. 13 at pp. 2-3 (citing *Ope Int'l LP v. Chet Morrison Contractors, Inc.*, 258 F.3d 443, 447-48 (5th Cir. 2001)).
[26] R. Doc. 13 at p. 2.

## II.     LEGAL STANDARD

### A. Motion to Compel Arbitration

The Federal Arbitration Act, 9 U.S.C. §1, *et seq.* (the "FAA"), governs the enforceability of arbitration agreements in federal court. According to the Supreme Court, the FAA "embodies the national policy favoring arbitration and places arbitration agreements on equal footing with all other contracts[.]"[27] The FAA provides that an arbitration agreement in writing "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract."[28] "The underlying purpose of the FAA was to create a policy in favor of arbitration, such that 'any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration.'"[29] The FAA provides that a party to an arbitration agreement "may petition any United States district court . . . for an order directing that such arbitration proceed in the manner provided for in such agreement."[30] "By its terms, the Act leaves no place for the exercise of discretion by a district court, but instead mandates that district courts *shall* direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed."[31]

---

[27] *Buckeye Check Cashing, Inc. v. Cardegna*, 546 U.S. 440, 443 (2006).
[28] 9 U.S.C. § 2.
[29] *Iheanacho v. Air Liquide Large Industries U.S. L.P.*, Civ. A. No. 19-532-SDD-SDJ, 2020 WL 3451689, at *2 (M.D. La. June 24, 2020) (quoting *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24-25 (1983); *Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20, 25 (1991); *Primerica Life Ins. Co. v. Brown*, 304 F.3d 469, 471 (5th Cir. 2002); *D.R. Horton, Inc. v. NLRB*, 737 F.3d 344, 360 (5th Cir. 2013)).
[30] 9 U.S.C. § 4.
[31] *Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 218, 105 S. Ct. 1238, 1241, 84 L. Ed. 2d 158 (1985) (citation omitted).

The FAA further provides that, "[U]pon being satisfied that the issue involved in [a] suit or proceeding is referable to arbitration under such an agreement, [the court] shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement . . . ."[32] The Fifth Circuit has construed this provision as providing for a mandatory stay of litigation.[33] While a court may not deny a stay in such a situation, the Fifth Circuit has clarified that, "This rule, however, was not intended to limit dismissal of a case in the proper circumstances."[34] Thus, a district court has discretion to dismiss the case when all of the claims asserted are subject to arbitration.[35]

In determining whether a party should be compelled to arbitrate, the Court's inquiry consists of three steps.[36] First, the Court must determine whether a valid agreement to arbitrate exists between the parties.[37] The Court must then determine whether the dispute in question falls within the scope of the arbitration clause.[38] If the first two steps are answered affirmatively, the Court must determine "whether any federal statute or policy renders the claims nonarbitrable."[39] "If the dispute is

---

[32] 9 U.S.C. § 3.
[33] *Waste Management, Inc. v. Residuos Industriales Multiquim, S.A. de C.V.*, 372 F.3d 339, 342 (5th Cir. 2004) (*quoting* 9 U.S.C. § 3).
[34] *Alford v. Dean Witter Reynolds, Inc.*, 975 F.2d 1161, 1164 (5th Cir. 1992).
[35] *Alford*, 975 F.2d at 1164; *see Fedmet Corp. v. M/V BUYALYK*, 194 F.3d 674, 676 (5th Cir. 1999) (interpreting *Alford* to mean "district courts have discretion to dismiss cases in favor of arbitration").
[36] *Hill v. Hornbeck Offshore Services, Inc.*, 799 F. Supp. 2d 658, 661 (E.D. La. 2011) (citing *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 626, 105 S.Ct. 3346, 3353-54, 87 L.Ed.2d 444 (1985); *Fleetwood Enters., Inc. v. Gaskamp*, 280 F.3d 1069, 1073 (5th Cir. 2002)).
[37] *JP Morgan Chase & Co. v. Conegie ex rel. Lee*, 492 F.3d 596, 598 (5th Cir. 2007) (quoting *Will–Drill Res., Inc. v. Samson Res. Co.*, 352 F.3d 211, 214 (5th Cir. 2003)) (internal quotation marks omitted); *Hill*, 799 F. Supp. 2d at 661 (citing *Gaskamp*, 280 F.3d at 1073).
[38] *Conegie ex rel. Lee*, 492 F.3d at 597 (quoting *Will–Drill Res., Inc.*, 352 F.3d at 214).
[39] *Hill*, 799 F.3d at 661 (quoting *Jones v. Halliburton Co.*, 583 F.3d 228, 234 (5th Cir. 2009)) (internal quotation marks omitted); *Washington Mut. Fin. v. Bailey*, 364 F.3d 260, 263 (5th Cir. 2004).

referred to arbitration, the FAA requires the court to stay or dismiss the proceedings,[40] and the Court 'shall make an order directing the parties to proceed to arbitration in accordance with the terms of the agreement.'"[41]

### III. ANALYSIS

**A. The parties agreed to arbitrate the issues in dispute.**

In determining the first prong, whether there is an agreement to arbitrate the dispute at issue, the Court must consider: (1) whether there is a valid agreement to arbitrate between the parties; and (2) whether the dispute in question falls within the scope of that arbitration agreement.[42] Ordinarily, the court determines both questions.[43] However, "where the arbitration agreement contains a delegation clause giving the arbitrator the primary power to rule on the arbitrability of a specific claim, the analysis changes."[44] The Fifth Circuit has instructed that, "If there is a delegation clause, the motion to compel arbitration should be granted in almost all cases."[45]

> **1. *The Employment Agreement contains a valid arbitration provision.***

The Fifth Circuit has held that, "Because arbitration is simply a matter of contract between the parties, the strong federal policy favoring arbitration does not apply to the initial determination of whether there is a valid agreement to

---

[40] *Iheanacho v. Air Liquide Large Industries U.S. L.P.*, No. 19-532-SDD-SDJ, 2020 WL 3451689, at *2 (M.D. La. June 24, 2020) (citing *Holts v. TNT Cable Contractors, Inc.*, No. 19-13546 2020 WL 1046337, at *2 (E.D. La. Mar. 4, 2020); *Alford*, 975 F.2d at 1164).
[41] *Iheanacho*, Civ. A. No. 19-532-SDD-SDJ, 2020 WL 3451689 at *2 (*citing* 9 U.S.C. § 4).
[42] *Klein v. Nabors Drilling USA L.P.*, 710 F.3d 234, 236 (5th Cir. 2013) (citing *Sherer*, 548 F.3d at 381).
[43] *Kubala v. Supreme Production Services, Inc.*, 830 F.3d 199, 201 (5th Cir. 2016) (citing *Will-Drill Res., Inc. v. Samson Res. Co.*, 352 F.3d 211, 214 (5th Cir. 2003)).
[44] *Kubala*, 830 F.3d at 201 (citation omitted).
[45] *Id*. (citations omitted).

arbitrate."[46] Instead, ordinary state-law contract principles govern the inquiry of whether there is a valid agreement to arbitrate the claims.[47] Under Louisiana law, the formation of a valid contract requires: (1) capacity to contract; (2) mutual consent; (3) a certain object; and (4) a lawful purpose.[48] Plaintiff has not raised any argument that he did not enter into a valid Employment Agreement. Indeed, his Petition avers that "Priebe, a professional engineer, entered into a written Employment Agreement with AST in 2015 pursuant to which AST employed Priebe as the Vice President of the Power Division."[49] The facts as asserted by Plaintiff further evince a valid contract, including Plaintiff's continued employment with Defendant for several years after the initial Employment Agreement and Plaintiff's subsequent signing of two addendums to the Employment Agreement. The Court also finds the fact that Plaintiff was a professional engineer provides further support for his capacity to contract and his mutual consent. Finally, the Court notes that the Employment Agreement's concluding paragraph states:

> Employee has read this Agreement carefully and understands each of its terms and conditions. Employee has sought, or had the opportunity to seek, independent legal counsel of Employee's choice to the extent Employee deemed such advice necessary in connection with the review and execution of this agreement.[50]

In light of the evidence before the Court, the Court finds that the Employment Agreement contains a valid arbitration provision. Plaintiff's argument regarding the

---

[46] *Klein v. Nabors Drilling USA L.P.*, 710 F.3d 234, 236 (5th Cir. 2013) (quotation and citation omitted).
[47] *Id.* (citation omitted).
[48] La. Civ. Code arts. 1918, 1927, 1966 & 1971; *Wallace v. Shreve Memorial Library*, 79 F.3d 427, 430 n.4 (5th Cir. 1996).
[49] R. Doc. 1-1 at ¶ VII.
[50] R. Doc. 7-3 at p. 12.

invalidity of the Employment Agreement rests solely on La. R.S. 23:921, which Plaintiff contends is contrary to the arbitration provision of the Employment Agreement. Plaintiff's argument on this point will be discussed in Section D below.

### B. Plaintiff's claims fall within the arbitration provision of the Employment Agreement.

The second inquiry to determine whether Plaintiff should be compelled to arbitrate his claims requires a determination as to whether Plaintiff's claims fall within the arbitration provision of the Employment Agreement. Pointing to the specific language of Plaintiff's state court Petition, Defendant asserts that all of Plaintiff's claims fall within the arbitration provision. Plaintiff does not address this issue in his Opposition brief.

The arbitration provision provides, in part, "Any dispute or controversy arising out of or relating to this Agreement or the relationship between Employee and the Company shall be settled by binding arbitration. . ."[51] Plaintiff's Petition seeks redress for error and fraud pursuant to the Employment Agreement. Further, Plaintiff seeks relief in the form of a declaratory judgment that various provisions of the Employment Agreement are null and void, and Plaintiff asks the Court to conduct a proceeding to determine Plaintiff's obligations "under the Employment Agreement."[52] The Court agrees with Defendant that Plaintiff's claims, by his own assertions, fall within the arbitration provision.

---

[51] R. Doc. 1-1.
[52] *Id.* at ¶¶ XXXV and XXXVII.

### C. *No federal statute or policy render Plaintiff's claims non-arbitrable.*

Turning to the third inquiry in determining whether the Court should compel arbitration of this matter, the Court finds that the parties have not identified a federal statute or policy that renders Plaintiff's claims non-arbitrable, and the Court knows of none. Instead, Plaintiff relies solely on a Louisiana law which he contends is contrary to the arbitration provision at issue. Thus, the third factor weighs in favor of compelling arbitration.

### D. *The FAA preempts La. R.S. 23:921(A)(2).*

The Court next addresses Plaintiff's sole argument in opposition to Defendant's Motion to Dismiss and Compel Arbitration—that La. R.S. 23:921(A)(2) invalidates the arbitration clause contained in the Employment Agreement. The arbitration provision provides, in pertinent part, the following:

> **Arbitration of Disputes.**
> Except as otherwise provided herein, any dispute or controversy arising out of or relating to this Agreement or the relationship between Employee and the Company shall be settled by binding arbitration to be held in Hennepin County, Minnesota and conducted in accordance with the commercial arbitration rules of the American Arbitration Association then in effect. . .[53]

Plaintiff contends that the inclusion of a form selection clause in the arbitration provision contravenes Louisiana law. Citing several Louisiana cases, Defendant asserts that, "such an argument has been flatly rejected by numerous courts in Louisiana on federal preemption grounds."[54] Further, in its Reply brief, Defendant

---

[53] R. Doc. 7-3 at p. 11.
[54] R. Doc. 7-1 at p. 3, n.1 (citing authority).

points out that the Fifth Circuit has addressed this issue in the context of a similar Louisiana statute and it, too, has rejected the argument.[55]

In *Southland Corp. v. Keating*, the Supreme Court noted that, "In creating a substantive rule applicable in state as well as federal courts [the Federal Arbitration Act], Congress intended to foreclose state legislative attempts to undercut the enforceability of arbitration agreements."[56] Further, in the case cited by Defendant in its Reply brief, *Ope Int'l LP v. Chet Morrison Contractors, Inc.*, the Fifth Circuit held that the FAA preempted another Louisiana statute, La. R.S. 9:2779. The Fifth Circuit reasoned, "Although the Fifth Circuit has never determined whether the FAA preempts section 9:2779, we have held that the FAA preempts other state laws that preclude parties from enforcing arbitration agreements."[57] Those "other state laws" included provisions of the Texas Deceptive Trade Practices Act, as well as provisions of the Texas Labor Code. The Fifth Circuit then addressed La. R.S. 9:2779, which, "declares null and void and unenforceable as against public policy any provision in [certain construction subcontracts] . . . which [] [r]equires a suit or arbitration proceeding to be brought in a forum or jurisdiction outside of [Louisiana],"[58] and determined that the FAA preempted that Louisiana statute.[59] This Court has no reason to believe that the Fifth Circuit would reach a different conclusion regarding

---

[55] R. Doc. 13 at pp. 2-3 (citing *Ope Int'l LP v. Chet Morrison Contractors, Inc.*, 258 F.3d 443, 447-48 (5th Cir. 2001)).
[56] 465 U.S. 1 (1984).
[57] *Ope Int'l LP*, 258 F.3d at 447-48.
[58] *Id.* at 447 (*quoting* La. R.S. 9:2779(B)(1)).
[59] *Ope Int'l LP*, 258 F.3d at 447.

La. R.S. 23:921, which includes statutory language very similar to La. R.S. 9:2779. Thus, the Court agrees with Defendant that the FAA preempts La. R.S. 23:921(A)(2).

### E. *A stay of the proceedings is appropriate in this case.*

In its Motion, Defendant seeks a dismissal of this case, rather than a stay, if the matter is referred to arbitration. Though not addressed in Plaintiff's Opposition brief, in a status conference with the Court on October 14, 2021, Plaintiff specifically requested a stay if the Court grants Defendant's Motion. The Court recognizes that under the FAA, a stay pending arbitration is mandatory upon a showing that the opposing party has commenced suit "upon any issue referable to arbitration under an agreement in writing for such arbitration . . . ."[60] Relying on 9 U.S.C. § 3 which allows for a stay at the request of a party if the dispute is referred to arbitration, and noting Plaintiff's specific request that the matter be stayed, the Court determines that a stay is most appropriate in this case.

### IV. CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that Defendant Advanced Structural Technologies, Inc.'s Motion to Dismiss and Compel Arbitration[61] is **GRANTED in part** and **DENIED in part.** The motion is **GRANTED** to the extent that Defendant seeks to compel arbitration of this matter, but **DENIED** to the extent that Defendant seeks a dismissal with prejudice of Plaintiff's claims.

---

[60] 9 U.S.C. § 3.
[61] R. Doc. 39.

**IT IS FURTHER ORDERED** that this civil matter is **STAYED** in its entirety pending arbitration of Mr. Priebe's claims against Advanced Structural Technology, Inc. arising out of his Employment Agreement.

**IT IS FURTHER ORDERED** that the Clerk of Court **CLOSE** the above-captioned civil case for administrative and statistical purposes, pending further order from the Court. The Court shall retain jurisdiction and the case shall be restored to the trial docket upon motion of a party if circumstances change, so that Plaintiff's claims may be heard to final disposition.

New Orleans, Louisiana, October 20, 2021.

*Wendy B. Vitter*
**WENDY B. VITTER**
**United States District Judge**